# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ALBERT NEWMAN,**

    Petitioner,

vs.                                            Case No. 4:08cv127-RH/WCS

**STATE ATTORNEY**
**WILLIAM MEGGS, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

    This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and motion to proceed in forma pauperis (IFP). Docs. 1 and 2. Leave to proceed IFP is granted by separate order.

    Petitioner is in custody at the Leon County Jail on a charge of grand theft. The current petition is quite similar to the § 2241 petition filed by Petitioner in case 4:08cv58-MP/WCS. Though the claims set forth on the § 2241 petition form and

requests for relief are slightly different, the supporting facts – handwritten on separate attached pages – are identical. *Compare* doc. 1 with doc. 1 in 4:08cv58-MP/WCS.[1]

A report and recommendation was recently entered in the other case, recommending that Petitioner's § 2241 petition be summarily dismissed. Doc. 5 in that file.[2] A copy of the text of that report and recommendation is attached to this report and recommendation.

For the same reasons, this petition should be summarily dismissed. Even assuming the recommendation in the other case is not well taken, Petitioner's recourse is to file objections and – if the recommendation is adopted – an appeal in that case, not to pursue the same claims in a separate case.

---

[1] In both cases the § 2241 form petition pages, including claims and requested relief, are at pp. 1-3, 15, 20, and 28 of doc. 1; the handwritten attachments are pp. 4-14, 16-19, and 21-27 of doc. 1 (page numbers of the documents as scanned in the electronic docket). In both cases Petitioner names as Respondents State Attorney Meggs, Sheriff Campbell, the Chief of the Tallahassee Police Department, and the Chief Justice of the Florida Supreme Court; in the other case he also named the United States Attorney General.

[2] The report and recommendation was signed and entered on the docket on March 20, 2008. The petition in this case was signed by Petitioner on March 3, stamped received by the clerk on March 19, and entered on the docket on March 24, 2008. In other words, Petitioner had not yet received the recommendation when he submitted his current petition and in forma pauperis motion.

Case No. 4:08cv127-RH/WCS

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 26, 2008.


      S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:08cv127-RH/WCS

**Attachment (copy of text from doc. 5, case no. 4:08cv58-MP/WCS)**

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ALBERT NEWMAN,**

    Petitioner,

vs.                                         Case No. 4:08cv58-MP/WCS

**UNITED STATES ATTORNEY GENERAL, et al,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

This cause is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and motion to proceed in forma pauperis (IFP). Docs. 1 and 2. Leave to proceed IFP is granted by separate order.

Petitioner is in custody at the Leon County Jail on a charge of grand theft. He claims that he was arrested on January 15, 2008, and charged on January 24, 2008, with obtaining and using utilities valued at $300 or more from the City of Tallahassee, in the period between September 5, 2007, and January 15, 2008. Petitioner claims that police

Case No. 4:08cv127-RH/WCS

came to the home of his girlfriend and asked who had reconnected the utilities (previously disconnected for non-payment), and told Petitioner his girlfriend would be arrested if neither confessed, so Petitioner confessed and was arrested. He alleges that he is in fact innocent of the charge of grand theft, and only guilty of being an accessory after the fact to unlawfully using City utilities.

Petitioner makes a wide variety of claims, and names as Respondents the United States Attorney General, State Attorney Meggs, Sheriff Campbell, the Chief of the Tallahassee Police Department, and the Chief Justice of the Florida Supreme Court. Petitioner asserts that the Prison Litigation Reform Act (PLRA) is unconstitutional, that he is being denied medical, dental, and other health services, that a food fee is deducted daily without his consent, and that he has been deprived of $609.35. He challenges reliance on uncounseled convictions and use of a fraudulent sentencing scoresheet, claims he is imprisoned on less than reasonable suspicion, and that his detention is in bad faith and racially motivated. He claims no access to legal materials (denied because he has a public defender), and contends convicted felons are treated differently and not denied the right to legal materials. He claims authorities knew the information relied on to support the charge of grand theft was false.

For relief, Petitioner seeks:

[A] federal investigation into the State's Judicial [appointment] process / assigning of Attorneys and public defenders to indigent, African American

Case No. 4:08cv127-RH/WCS

>  pretrial detainees, the race of the attorneys and the convictions that [were] obtained by such process; and the release of all indigent African American pretrial detainees. Other pretrial relief / dismissal of State case.

Doc. 1, p. 6 of the § 2241 form (p. 28 of the document as scanned in the electronic docket). He also seeks removal of the state proceeding to federal court. *Id.* (notation in the margin).

At the outset, it is noted that this is not Petitioner's first attempt to challenge in this court his pretrial detention (albeit on other charges) at the Leon County Jail. Previous cases have been dismissed for Petitioner's failure to notify the court of his change of address on release. *See* Newman v. Campbell, 4:02cv45-WS/WCS, docs. 4, 6, 8-9) (28 U.S.C. § 2254 petition, court directed Petitioner to file a § 2241 petition, then summarily dismissed the case by judgment entered on the docket May 24, 2002, as Petitioner was released and failed to notify the court of his address change); Newman v. Campbell, 4:06cv307-WS/WCS, docs. 5, 10-12 (Petitioner directed to explain why his § 2241 petition should be allowed to proceed and to indicate any attempts to exhaust claims in state court,[3] then summarily dismissed by judgment entered on the docket October 25, 2006, as Petitioner was released on August 10, 2006, and there was no forwarding address); Newman v. Pariente, 4:06cv268-SPM/AK, docs. 22, 24, 24-25) (order directing Petitioner

---

[3] Petitioner claimed there that there was no evidence to support the charge, that false criteria had been used to deny bail, that he was entitled to bail or unconditional release, and his state case should be removed to federal court. Doc. 5 in that file, p. 1 (summarizing claims).

Case No. 4:08cv127-RH/WCS

to file an amended 42 U.S.C. § 1983 complaint[4] was returned undeliverable marked "released," case dismissed without prejudice by judgment entered on the docket October 26, 2006). According to the website of the Florida Department of Corrections, Petitioner was in DOC custody from January 23 to October 8, 2005, on a sentence for sale of cocaine.

At the same time he filed the § 2241 petition in this case, Petitioner filed a 42 U.S.C. § 1983 complaint in a separate case. 4:08cv59-MP/AK. He was recently directed to file an amended IFP application under the PLRA. Doc. 6 (entered on the docket on March 14, 2008) in that case. He was advised that he would eventually have to pay the entire $ 350 fee,[5] and was required to provide a computer printout for the six month period of September 6 to February 7, 2008, and told to specifically so advise if he was not incarcerated during any portion of that time period. Doc. 6 in that case, pp. 2-3. Review of the complaint itself was deferred. *Id.*, p. 3.

The motion to proceed IFP in this case is supported by a Resident Account Statement from the Leon County Jail dated January 28, 2008, but actually covers the

---

[4] Petitioner also filed a § 1983 complaint which was summarily dismissed as frivolous by judgment entered on July 6, 2006. Newman v. Bush, 4:06cv267-RH/WCS, docs. 5, 8 and 9). And as set forth *infra*, he recently filed a § 1983 complaint which is still pending.

[5] The filing fee is $ 350, "xcept that on application for a writ of habeas corpus the filing fee shall be $ 5." 28 U.S.C. § 1914(a).

period from February 12, 2006, to a "release transaction" on December 13, 2006. Doc. 2, attachment (pp. 1-4 of doc. 2-3 as scanned in the electronic docket electronic). The total charge from that time period, for food and other fees, was $609.35 (leaving a "NetWorth" of $599.92).

As Petitioner was, by his own allegations, arrested on this charge on January 15, 2008, this may have been the only account information available when the statement was printed on January 28, 2008. Further, the IFP motion will be granted (as noted previously) for purposes of dismissal.

Pending state charges may be challenged in extraordinary circumstances under § 2241, but only if one of the narrow exceptions to the *Younger* abstention doctrine[6] is met. *See* Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-64 (11th Cir. 2004), *cert. denied*, 543 U.S. 1051 (2005),[7] discussing Younger (other citations omitted). Exhaustion

---

[6] Considerations of comity between the federal and state judicial systems require that federal courts abstain from enjoining state criminal proceedings absent a showing of bad faith prosecution, harassment, or other unusual circumstances which call for equitable relief. Younger v. Harris, 401 U.S. 37, 44, 53-54, 91 S.Ct. 746, 750, 754-55, 27 L.Ed.2d 669 (1971). This applies to actions for declaratory relief as well. 401 U.S. at 41, n. 2, 91 S.Ct. at 749, n. 2; Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (decided the same day as Younger). The injury incidental to every prosecution brought lawfully and in good faith does not entitle a state defendant to equitable relief in federal court even if the statute he is alleged to have violated is unconstitutional. 401 U.S. at 49, 91 S.Ct. at 753.

[7] A person held in pre trial detention is not in custody pursuant to a state court judgment for 28 U.S.C. § 2254 purposes, and therefore properly proceeds under §

Case No. 4:08cv127-RH/WCS

of state remedies is required. 377 F.3d at 1262 (noting the "petitioners have met the exhaustion requirements necessary to obtain relief pursuant to 28 U.S.C. § 2241.") (footnote omitted). Petitioner indicates no attempt to exhaust state remedies on these claims.

Moreover, "habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973) (citation omitted); Georgalis v. Dixon, 776 F.2d 261, 262 (11th Cir. 1985) ("absent special and unique circumstances, federal habeas corpus does not lie to adjudicate the merits of affirmative defenses to state criminal charges.") (citing Braden, other citation omitted). In Braden, the petitioner could proceed by habeas corpus because he sought to enforce the state's obligation to bring him to trial, and was not attempting "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes." 410 U.S. at 491, 93 S.Ct. at 1128.

---

2241. 377 F.3d at 1261-1262 (citations omitted). If Petitioner was serving a term of probation there is presumably a state court judgment, but apparently he has not yet been found in violation of probation or sentenced to a term of imprisonment by a state court, so it is assumed without deciding that § 2241 is the proper remedy. *Cf.* Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004), *cert. denied,* 543 U.S. 1063 (2005) ("where a prisoner is in custody pursuant to the judgment of a state court, his petition is subject to both § 2241 and § 2254") (citation omitted).

Case No. 4:08cv127-RH/WCS

Petitioner alleges that the charges are racially motivated, but like his other claims there are no specific facts tending to support the allegation. He claims that he denied reconnecting the utilities and then falsely admitted to it to avoid his girlfriend's arrest. Recantation of an admission is quite common in criminal cases, and certainly does not render the continued prosecution in bad faith or otherwise impermissible.

Finally, conditions of confinement and access to legal materials are not claims cognizable in habeas corpus, and a civil rights complaint would be subject to the PLRA.[8] As previously noted, Petitioner already has a civil rights complaint pending.

---

[8] Claims of unconstitutional conditions of confinement may be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983, however Petitioner is advised that a civil rights complaint would (unlike this habeas corpus proceeding) be subject to the Prison Litigation Reform Act (PLRA).  *See* 42 U.S.C. § § 1915A, 1997e; Harris v. Garner, 216 F.3d 970, 979, n. 7 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065 (2001) (PLRA does not apply in habeas case, citation omitted). As this petition is not subject to the PLRA, a constitutional challenge to the PLRA does not properly proceed here. It is also noted that the PLRA has been upheld against constitutional challenges.  *See* Mitchell v. Farcass, 112 F.3d 1483, 1488-89 (11th Cir. 1997) (filing fee requirement of § 1915(b) does not violate the equal protection); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (sua sponte dismissals under § 1915(e)(2) for failure to state a claim do not violate equal protection or due process); Rivera v. Allin, 144 F.3d 719, 723-728 (11th Cir. 1998) (rejecting various constitutional challenges to the three strikes provision of § 1915(g)), *abrogated on other grounds in* Jones v. Bock, --- U.S. ----, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

Case No. 4:08cv127-RH/WCS

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 26, 2008.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**End of Attachment**

Case No. 4:08cv127-RH/WCS